**SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Dstevens@scura.com
David L. Stevens
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* <br><br> SHAMS QURESHI <br><br> Debtor. | Chapter 13 <br><br> Case No. 19-11432 (VFP) <br> Hon. Vincent F. Papalia <br><br> Hearing Date: May 16, 2019 @ 12:00 pm <br><br> *Oral Argument Requested* |

**DEBTOR'S SUPPLEMENTAL LEGAL MEMORANDUM IN SUPPORT OF
DEBTOR'S MOTION TO DISMISS**

Shams Quereshi, the debtor in the captioned case ("Debtor"), by and through his attorneys Scura, Wigfield, Heyer, Stevens & Camarota, LLP, files this supplemental legal memorandum in support of his motion to dismiss this chapter 13 proceeding.

**LEGAL ARGUMENT**

A chapter 13 debtor, post *Law v. Siegel*, has an absolute right to dismiss his or her bankruptcy case. The Supreme Court in *Law v. Siegel* concluded the split of authority surrounding *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), with some court's reasoning that *Marrama* confirmed the that bankruptcy court's authority to use its equitable powers to deny a debtor a voluntarily dismissal of his or her chapter 13 case on grounds of bad faith conduct. 571 U.S. 415, 415 (2014)

In *Law,* a unanimous Supreme Court held that § 105 of the Bankruptcy Code did not expressly permit a debtor's exempt property to be used to pay debts and expenses even when the

debtor engaged in bad faith conduct. 571 U.S., at 415. The Supreme Court distinguished *Marrama* on the basis that § 706(d) expressly conditioned conversion on a debtor's qualifications for relief under chapter 13. *See Law*, 571 U.S., at 425-426. The disqualifying conduct of a debtor in the chapter 7 case could prevent a debtor from qualifying as a debtor under chapter 13. *See Law*, 571 U.S., at 425-426; *Marrama*, 549 U.S., at 372-75. In *Law*, however, there was no suggestion that the debtor failed to satisfy an express statutory condition on his claiming of the homestead exemption. 571 U.S., at 426.

*Law* clarified that *Marrama* did not endorse, even in dictum, the view that § 105 permitted a bankruptcy court to disregard express provisions of the Code. *Id.* "At most, *Marrama*'s dictum suggests that in some circumstances a bankruptcy court may be authorized to dispense with futile procedural niceties in order to reach more expeditiously an end result required by the Code." *Id.*

The Supreme Court described Marrama's application of § 105 as method to "dispense with futile procedural niceties in order to reach more expeditiously an end result required by the Code" *Id.* The utility of § 105 was to authorize a bankruptcy court to deny debtors their right to convert a Chapter 7 case to Chapter 13, where the debtors would not be qualified debtors under § 706(d). *Id.*

Here the *Marrama* holding, as in *Law*, has no relevance because there is no express condition in §1307 restricting a chapter 13 debtor's voluntary dismissal. Hence, as a matter of law, the Debtor has an absolute right to dismissal of his chapter 13 case. A hearing to consider cause is not relevant to the Debtor's election to voluntarily dismiss his case.

Although a chapter 13 debtor elects dismissal, even in the face of a motion to convert, creditors are not left without remedies or the debtor free of consequences if misconduct is found. *In re Ross*, 858 F.3d 779, 781 (3d Cir. 2017). Although dismissal is absolute, the dismissal order may bar future bankruptcy proceedings pursuant to § 105 or § 109(g) for a certain subset of repeat-filers who act in bad faith. Early termination of the automatic stay under § 362(c)(3) may also apply in the event of a subsequent filing. Fraudulent conduct in a bankruptcy case may also subject a debtor to criminal prosecution under 18 U.S.C. § 152.

Moreover, the petitioning for the protections of the bankruptcy court does not result in a debtor being held in a symbolic "debtor's prison" captive to creditors. Nor is dismissal a reward bestowed on a debtor: Post-dismissal the debtor is once again vulnerable to the world of creditors he or she sought to escape.

SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
Counsel for the Debtor

Dated: May 14, 2019         By:*/s/ David L. Stevens*_____
                                David L. Stevens